**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 24-61611-CIV-DAMIAN

CHANEL, INC.,

      Plaintiff,

vs.

21442995, AN INDIVIDUAL,
BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

      Defendant.
_____/

**PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF**
**PROCESS ON DEFENDANT PURSUANT TO FEDERAL RULE OF**
**CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Chanel, Inc. ("Chanel" or "Plaintiff"), hereby moves for an order authorizing alternate service of process on Defendant, the Individual, Business Entity, or Unincorporated Association doing business as the Store ID identified on Schedule "A" hereto ("Defendant"), brought pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Chanel submits the following Memorandum of Law.

**I.     INTRODUCTION**

Chanel is suing Defendant for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendant is knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods bearing and/or using counterfeits and infringements of one or more of Chanel's registered trademarks within this district and throughout the United States through the Internet based e-commerce store operating on the DHgate.com platform under its store identification number identified on Schedule "A" hereto (the "Store ID").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Chanel requests an order authorizing service of process on Defendant via electronic mail ("e-mail") and via website posting. Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case because Defendant (1) operates via the Internet, and (2) relies on electronic communication to operate its business. As such, Chanel can contact Defendant directly and provide notice of Chanel's claims against it electronically. Additionally, Chanel has created a serving notice website in this case where it will post copies of the Summons and Complaint, this Motion, and all other documents filed in this action. Chanel respectfully submits that an order allowing service of process and service of all filings via e-mail and by posting on a designated website will benefit all parties and the Court by ensuring Defendant receives immediate notice of the pendency of this action thereby allowing this proceeding to move forward expeditiously. Absent the ability to serve Defendant by e-mail and/or by website posting, Chanel will almost certainly be left without the ability to pursue a remedy.

## II.  STATEMENT OF FACTS

### A.  Defendant Has Valid Means of Electronic Contact.

Defendant operates an Internet-based business and uses electronic means of communication such that Chanel will be able to provide Defendant with notice of this action via e-mail and website posting. (See Declaration of Stephen M. Gaffigan filed in Support of Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Gaffigan Decl."] ¶¶ 2-7, filed herewith.) As a practical matter, it is necessary for a merchant who operates entirely online, such as Defendant, to provide a customer with valid electronic means by which the customer may contact the merchant to ask questions about the merchant's products, place orders from the merchant, and receive information from the merchant regarding the shipment of an order. Further, an e-commerce defendant generally must

maintain accurate e-mail addresses or other electronic contact where its marketplace platform and payment processors may communicate with it regarding issues related to the maintenance of its e-commerce store and transfer of funds for the payment for goods. Additionally, Chanel has created a serving notice website that will be appearing at the URL http://servingnotice.com/cI5hM/index.html ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. (See Gaffigan Decl. ¶ 5.)

Defendant operates its e-commerce store via the non-party Internet marketplace website, DHgate.com ("DHgate"), and has at least one method of electronic communication via online contact in the form of DHgate's messaging system. (Gaffigan Decl. ¶ 2.) DHgate's "Ask seller a question" function facilitates communications between a customer and a merchant in DHgate's marketplace. (Id.) Based upon past actions, Chanel's counsel is aware that communications sent through the DHgate messaging system are sent to and received by the e-commerce store operator. (Id.) Moreover, Chanel's counsel is aware that DHgate maintains additional contact e-mail addresses for sellers operating via DHgate.com. (Id.)

Defendant is further able to receive notice of this action by e-mail via the e-commerce marketplace website that Defendant uses to conduct its commercial transactions via the Store ID, including the customer service e-mail address. (Id. at ¶ 3.)

Additionally, Chanel will be able to provide Defendant notice of this action via public announcement on Chanel's designated website. Chanel has created its Website that will be appearing at the URL http://servingnotice.com/cI5hM/index.html whereon copies of the Summons, Complaint, this Motion, and all other pleadings, documents, and orders on file in this action will be posted, such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. (Id. at ¶ 5.) The address for Plaintiff's Website will be provided to

Defendant via its known means of electronic contact identified on Schedule "A" hereto and will be included as part of service of process in this matter. (Id. at ¶¶ 4-5.)

Accordingly, Defendant will receive notice of this action electronically by providing the address for Plaintiff's Website to its individual messaging account, customer service e-mail address and/or onsite contact form, or via the DHgate.com marketplace platform Defendant uses to conduct its commercial transactions via its Store ID. (Id. at ¶ 7.) In this manner, Defendant will receive a web address at which it will be able to access all electronic filings to view, print, or download any document filed in the case like the court's CM/ECF procedures. (Id.)

### B. Defendant Relies on Electronic Communication.

Defendant has structured its e-commerce store business so that the means for customers to purchase Defendant's counterfeit and infringing goods at issue is by placing an order electronically. Defendant takes and confirms orders online or via electronic messaging and relies on electronic means to receive payment. (See Gaffigan Decl. ¶ 6 and Comp. Ex. "1" thereto, documenting Defendant's e-commerce store operating under its Store ID.)

### III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign business entity or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process via DHgate's messaging system and by posting on Plaintiff's Website are appropriate given that Defendant has established an Internet-

based business by which it relies on electronic communication for its operation. Accordingly, this Court should permit service on Defendant by DHgate's messaging system and website posting.

> A. **The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003). See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v. Zhixian, Case No. 10-cv-60585-JIC, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting Rio Props., Inc., 284 F.3d at 1014 and citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., Inc., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000)

(noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). Rio Props., Inc., 284 F.3d at 1114-15; see also Brookshire Bros., Ltd., 2007 WL 1577771, at *1.

In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., Inc., 284 F.3d at 1015). Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy."). Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., Inc., 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service

6

methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., Rio Props., Inc., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website].").

Here, service on Defendant by, at least, DHgate's messaging system and/or by posting on Plaintiff's Website will satisfy due process by apprising it of the action and giving it the opportunity to answer Chanel's claims. Based upon Chanel's investigation, Defendant has at least one form of electronic means of contact which is not just effective, but likely the most reliable means of communicating with Defendant, and consequently, the most reliable means of providing Defendant with notice of this action. (See Gaffigan Decl. ¶¶ 2-4.) Moreover, service by posting on Plaintiff's Website will be an additional source of reliability as Defendant will be able to see copies of the Summons and Complaint, this Motion, and all other documents in this matter electronically via its Internet web browser. (Id. at ¶ 5.) The suggested methods are the most reliable means of providing Defendant with notice of this action.

E-mail service, including via DHgate's messaging system, on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action. See Rio

Props., Inc., 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). See also Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted). The Rio Properties, Inc. and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their businesses online, used e-mail regularly in their businesses, and encouraged parties to contact them via e-mail. Id.

In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Rio Properties, Inc., 284 F.3d at 1018; see also Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); TracFone Wireless, Inc., 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party"

8

(concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[1] Chanel submits that allowing e-mail service via the DHgate.com messaging system in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendant's decision to conduct its unlawful business via the Internet and utilizing the DHgate.com marketplace messaging system as a primary means of communication.

Additionally, service of a defendant by posting on a designated website, such as a plaintiff's website, has been deemed an appropriate means of service by posting. See National Association for Stock Car Auto Racing, Inc., 584 F. Supp. 2d at 826.[2] A proposed method of

---

[1] See, e.g., Chanel, Inc. v. 21859711, No. 24-cv-22170-MD (S.D. Fla. June 10, 2024) (Order granting alternate service of process, *inter alia*, via e-mail, including via the DHgate.com messaging system); Louis Vuitton Malletier v. affordablelouisvuitton.com, No. 24-cv-60498-MD (S.D. Fla. May 22, 2024) (Order authorizing alternate service of process via, *inter alia*, e-mail). See also Chanel, Inc. v. 21914270, No. 24-60261-CIV-SINGHAL, 2024 U.S. Dist. LEXIS 31199 (S.D. Fla. Feb. 23, 2024) (Order granting alternate service of process, *inter alia*, via e-mail, including via the DHgate.com messaging system); adidas AG v. Adidaschinhhang.net, No. 23-62427-CIV-DIMITROULEAS, 2024 U.S. Dist. LEXIS 34480 (S.D. Fla. Jan. 3, 2024) (Order granting alternate service of process, *inter alia*, via e-mail, including via private messaging applications and/or services); Tiffany (NJ) LLC v. Individuals, No. 23-62371-CIV-ROSENBERG, 2023 U.S. Dist. LEXIS 234584 (S.D. Fla. Dec. 29, 2023) (same); Gucci Am., Inc. v. Individuals, No. 23-61007-CIV-SMITH, 2023 U.S. Dist. LEXIS 234604 (S.D. Fla. Dec. 19, 2023) (same); Chanel, Inc. v. 21909944, No. 23-cv-62279-BLOOM, 2023 U.S. Dist. LEXIS 215886 (S.D. Fla. Dec. 5, 2023) (Order granting alternate service of process, *inter alia*, via e-mail, including via the DHgate.com messaging system); accord Chanel, Inc. v. 21913657, No. 24-cv-60806-DSL (S.D. Fla. July 19, 2024) (same).

[2] See, e.g., Chanel, Inc. v. 21859711, No. 24-cv-22170-MD (S.D. Fla. June 10, 2024) (Order granting alternative service via e-mail and by posting on plaintiff's designated website); Louis Vuitton Malletier v. affordablelouisvuitton.com, No. 24-cv-60498-MD (S.D. Fla. May 22, 2024) (same). See also Chanel, Inc. v. 21914270, No. 24-60261-CIV-SINGHAL, 2024 U.S. Dist. LEXIS 31199 (S.D. Fla. Feb. 23, 2024) (same); adidas AG v. Adidaschinhhang.net, No. 23-62427-CIV-DIMITROULEAS, 2024 U.S. Dist. LEXIS 34480 (S.D. Fla. Jan. 3, 2024) (same); Tiffany (NJ)

website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." National Association for Stock Car Auto Racing, Inc., 584 F. Supp. 2d at 826 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing by posting on the plaintiff's website. Id.

Accordingly, Chanel has created its Website that will be appearing at the URL http://servingnotice.com/cI5hM/index.html whereon copies of the Summons, Complaint, this Motion, and all other pleadings, documents, and orders issued in this action will be posted. (Gaffigan Decl. ¶ 5.) The address for Plaintiff's Website will be provided to Defendant via its known messaging account, including the account reflected on Schedule "A," and will be included as part of service of process in this matter. (Id. at ¶¶ 4-5.) Chanel respectfully submits that alternative service by posting the Summons, Complaint, and other documents filed in this action on Plaintiff's Website will also provide notice to Defendant sufficient to meet the due process requirements for service of process pursuant to Federal Rule of Civil Procedure 4, apprise Defendant of the pendency of this action, and afford Defendant and any other interested parties an opportunity to present their answers and objections.

---

LLC v. Individuals, No. 23-62371-CIV-ROSENBERG, 2023 U.S. Dist. LEXIS 234584 (S.D. Fla. Dec. 29, 2023) (same); Gucci Am., Inc. v. Individuals, No. 23-61007-CIV-SMITH, 2023 U.S. Dist. LEXIS 234604 (S.D. Fla. Dec. 19, 2023) (same); Chanel, Inc. v. 21909944, No. 23-cv-62279-BLOOM, 2023 U.S. Dist. LEXIS 215886 (S.D. Fla. Dec. 5, 2023) (same); accord Chanel, Inc. v. 21913657, No. 24-cv-60806-DSL (S.D. Fla. July 19, 2024) (same).

### B. Service of Process Via Electronic Means Are Not Prohibited by International Agreement.

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon the information provided in connection with Defendant's e-commerce store operating under its Store ID, including the shipping and onsite contact information, and the investigative data obtained from the DHgate platform, Chanel has reasonable cause to suspect Defendant resides and/or operates in the People's Republic of China ("China") and/or redistributes products from sources in that location. (See Gaffigan Decl. ¶ 8 and Comp. Ex. "1" attached thereto, at p. 6.) The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). (Id. at ¶ 9 and Comp. Ex. "2" attached thereto, Hague Service Convention and list of signatory Members.) However, the Hague Service Convention does not preclude the Court from authorizing service of process via e-mail, messaging, or posting on a designated website.

Alternative means of service, such as e-mail, messaging, and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to).[3] Article 10 to the Hague Service Convention allows service of process through means other than

---

[3] See, e.g., Chanel, Inc. v. 21859711, No. 24-cv-22170-MD (S.D. Fla. June 10, 2024) (authorizing service of process via e-mail and by posting on plaintiff's designated website, noting an objection to the alternative means of service provided by the Hague Convention is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting); Louis Vuitton Malletier v. affordablelouisvuitton.com, No. 24-cv-60498-MD (S.D. Fla. May 22, 2024) (same). See also Chanel, Inc. v. 21914270, No. 24-60261-CIV-SINGHAL, 2024

a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. (Gaffigan Decl. ¶ 9.) However, the objections are specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. Thus, there are no international agreements prohibiting service by e-mail or website posting. (See id. and Comp. Ex. "2" attached thereto, which includes a true and correct printout of China's Declaration/Reservation/Notification in regards to the Hague Convention.) Because the declaration to the Hague Convention filed by China does not object to e-mail and website posting service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." Gurung v. Malhotra, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a *per se* objection to other forms of service, such as e-mail or website posting. See In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of

---

U.S. Dist. LEXIS 31199 (S.D. Fla. Feb. 23, 2024) (same); adidas AG v. Adidaschinhhang.net, No. 23-62427-CIV-DIMITROULEAS, 2024 U.S. Dist. LEXIS 34480 (S.D. Fla. Jan. 3, 2024) (same); Tiffany (NJ) LLC v. Individuals, No. 23-62371-CIV-ROSENBERG, 2023 U.S. Dist. LEXIS 234584 (S.D. Fla. Dec. 29, 2023) (same); Gucci Am., Inc. v. Individuals, No. 23-61007-CIV-SMITH, 2023 U.S. Dist. LEXIS 234604 (S.D. Fla. Dec. 19, 2023) (same); Chanel, Inc. v. 21909944, No. 23-cv-62279-BLOOM, 2023 U.S. Dist. LEXIS 215886 (S.D. Fla. Dec. 5, 2023) (same); accord Chanel, Inc. v. 21913657, No. 24-cv-60806-DSL (S.D. Fla. July 19, 2024) (same).

service). Consequently, China's objection to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court from authorizing alternative service of process via e-mail or website posting. See, e.g., Gurung, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000, at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

Notwithstanding, Chanel also submits that the Hague Convention does not apply herein. Chanel's counsel reviewed the information contained on Defendant's e-commerce store operating under its Store ID and the investigative data provided thereunder. (See Gaffigan Decl. ¶ 8.)

13

However, Chanel has not identified a valid address for service of process on Defendant or determined Defendant's exact location. (Id.) According to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." See Hague Convention, Art. 1, 20 U.S.T. 361 (1969).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff, Chanel, Inc., respectfully requests this Court grant the present motion and authorize service of the Summons, Complaint, and all filings and discovery in this matter upon Defendant:

(1) via e-mail by providing the address for Plaintiff's Website to Defendant via Defendant's known electronic messaging accounts via (i) DHgate's messaging system contact means identified on Schedule "A" for Defendant, or (ii) the data related to its e-commerce store, including customer service e-mail address and/or onsite contact form, or (iii) the e-commerce marketplace e-mail for the e-commerce store, and

(2) via website posting by posting a copy of the Summons, Complaint, and all filings and discovery in this matter on Plaintiff's Website appearing at the URL http://servingnotice.com/cI5hM/index.html.

DATED: September 4, 2024.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud
Attorneys for Plaintiff, CHANEL, INC.

## SCHEDULE "A"
## DEFENDANT DHGATE.COM STORE ID AND MEANS OF CONTACT

| Defendant / Store ID | Means of Contact |
|---|---|
| 21442995 | https://www.dhgate.com/store/21442995 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true copy of the foregoing was served the 4th day of September, 2024, upon Defendant by posting copies of the same on Plaintiff's Website appearing at the URL http://servingnotice.com/cI5hM/index.html and by notifying Defendant of the same via email by providing the address to Plaintiff's Website to Defendant via the DHgate's messaging account identified on Schedule "A," above, or via the data related to its e-commerce store, including customer service e-mail addresses and/or onsite contact form, or via the e-commerce marketplace e-mail for the e-commerce store.

**Stephen M. Gaffigan**
Stephen M. Gaffigan
