UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-61611-CIV-DAMIAN

CHANEL, INC.,

    Plaintiff,

vs.

21442995, AN INDIVIDUAL,
BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

    Defendant.
_____/

**DECLARATION OF STEPHEN M. GAFFIGAN IN SUPPORT OF
PLAINTIFF'S MOTION FOR ORDER
<u>AUTHORIZING ALTERNATE SERVICE OF PROCESS</u>**

I, Stephen M. Gaffigan, declare and state as follows:

1. I am an attorney duly authorized and licensed to practice law before all courts in the State of Florida and the Southern District of Florida. I am counsel of record for Plaintiff, Chanel, Inc. ("Chanel" or "Plaintiff"), in the above captioned action. I submit this Declaration, which is filed in support of Plaintiff's Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service of Process") on Defendant, the Individual, Business Entity, or Unincorporated Association doing business as the Store ID identified on Schedule "A" thereto ("Defendant"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. Defendant operates its e-commerce store via the non-party Internet marketplace website, DHgate.com. As such, DHgate.com's Messaging Service is an available means for contacting Defendant. DHgate.com's "Ask seller a question" function facilitates communications

between a customer and a merchant in DHgate.com's marketplace.[1] I know that communications sent through the DHgate.com messaging system are sent to and received by the e-commerce store operator. I also know that DHgate.com maintains additional contact e-mail addresses for sellers operating via DHgate.com.

3. Furthermore, Defendant can receive notice of this action by e-mail via the e-commerce marketplace website that Defendant uses to conduct its commercial transactions via the Store ID, including the customer service e-mail address.

4. The verified means of electronic contact for Defendant are provided on Schedule "A" to Chanel's Motion for Alternate Service of Process.

5. Chanel will also notify Defendant of this action via website posting. Chanel has created a serving notice website and will be posting copies of the Summons and Complaint, and all other pleadings, documents, and orders on file in this action on its designated website located at http://servingnotice.com/cI5hM/index.html ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. The address for Plaintiff's Website will be provided to Defendant via its known messaging accounts and will be included as part of service of process in this matter.

6. Defendant takes and confirms orders online or via electronic messaging and relies on electronic means to receive payment. (See Composite Exhibit "1" hereto, documenting Defendant's e-commerce store operating under its Store ID.)

7. Accordingly, Defendant will be provided with notice of this action electronically by providing the address for Plaintiff's Website to its individual messaging account, customer service e-mail address and/or onsite contact form, or via the DHgate.com marketplace platform

---

[1] See Contacting Your Seller, available at https://www.dhgate.com/html/services/win-contact.html (last visited September 4, 2024).

2

Defendant uses to conduct its commercial transactions via its Store ID. In this manner, Defendant will receive a web address at which it can access all electronic filings to view, print, or download any document filed in the case like the court's CM/ECF procedures.

8. Chanel has investigated Defendant and has reasonable cause to suspect Defendant resides and/or operates in the People's Republic of China ("China") and/or redistributes products from sources in that location. Specifically, Defendant does not provide any physical address information directly on its Store ID, other than summarily identifying its location as "China." (See Composite Exhibit "1" hereto at p. 6.) While Chanel has not been able to identify a valid address for service of process or determine Defendant's exact location, Chanel has determined that Defendant's unlawful operation is likely based in and/or shipping from China based upon multiple connection data points, such as information contained on Defendant's actual e-commerce store operating under its Store ID, payment and shipping information, and the investigative data provided thereunder. Thus, Chanel has good cause to believe Defendant is not a resident of the United States.

9. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"),[2] to which the United States and China are signatories. China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. However, the Hague Convention does not preclude service by e-mail or website posting, and the declaration to the Hague Convention filed by China does not

---

[2] See also Hague Service Convention, November 15, 1965, 20 U.S.T. 361, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited September 4, 2024) (full text of the Hague Service Convention); https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited September 4, 2024) (status table listing the current contracting states).

expressly prohibit e-mail service or website posting. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and a list of the signatory Members are attached hereto as Composite Exhibit "2."[3] Thus, there are no international agreements prohibiting service by e-mail or website posting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of September 2024, at Hollywood, Florida.

_____
Stephen M. Gaffigan

---

[3] Composite Exhibit "2" also contains a true and correct printout of China's Declaration/Reservation/Notification in regards to the Hague Convention, available at: https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited September 4, 2024).