Composite Exhibit 2

## FULL TEXT

### 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

Entry into force: 10-II-1969



 Text of the Convention in PDF

 Outline of the Convention

*(In the relations between the Contracting States, this Convention replaces the first chapter of the Convention on civil procedure of 1 March 1954)*

CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS

*(Concluded 15 November 1965)*

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I - JUDICIAL DOCUMENTS

Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either -

*a)* by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
*b)* by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.

Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

Article 10

Provided the State of destination does not object, the present Convention shall not interfere with -

*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad,
*b)* the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
*c)* the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by --

*a)*  the employment of a judicial officer or of a person competent under the law of the State of destination,
*b)*  the use of a particular method of service.

Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -

*a)*  the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
*b)*  the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -

*a)*  the document was transmitted by one of the methods provided for in this Convention,
*b)*  a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
*c)*  no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled -

*a)*  the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
*b)*  the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.

Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.

This Article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II - EXTRAJUDICIAL DOCUMENTS

Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

CHAPTER III - GENERAL CLAUSES

Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.

The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.

Federal States shall be free to designate more than one Central Authority.

Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with -

*a)* the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
*b)* the language requirements of the third paragraph of Article 5 and Article 7,
*c)* the provisions of the fourth paragraph of Article 5,
*d)* the provisions of the second paragraph of Article 12.

Article 21

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following -

*a)* the designation of authorities, pursuant to Articles 2 and 18,
*b)* the designation of the authority competent to complete the certificate pursuant to Article 6,
*c)* the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of -

*a)* opposition to the use of methods of transmission pursuant to Articles 8 and 10,
*b)* declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
*c)* all modifications of the above designations, oppositions and declarations.

Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.

These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.

It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.

The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.

In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.

The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following -

*a)*  the signatures and ratifications referred to in Article 26;
*b)*  the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
*c)*  the accessions referred to in Article 28 and the dates on which they take effect;
*d)*  the extensions referred to in Article 29 and the dates on which they take effect;
*e)*  the designations, oppositions and declarations referred to in Article 21;
*f)*  the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

**N.B.** On 25 October 1980 the Fourteenth Session adopted a Recommendation on information to accompany judicial and extrajudicial documents to be sent or served abroad in civil or commercial matters (*Proceedings of the Fourteenth Session*, Tome I, *Miscellaneous matters*, p. 67; *idem*, Tome IV, *Judicial co-operation*, p. 339; *Practical Handbook on the Operation of the Hague Service Convention*, Appendix 3, p. 129).

**ANNEX TO THE CONVENTION: Active Model Forms (Request, Certificate, Summary)**

# STATUS TABLE

## 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

Entry into force: 10-II-1969

Last update: 21-III-2024
Number of Contracting Parties to this Convention: 84
*The expression "Contracting Party" covers both cases in which the Convention has, and cases in which the Convention has not yet, entered into force for that Party following the deposit of its instrument of ratification, accession, acceptance or approval (see column EIF in the chart).*

 View and/or print full status report

Contracting Parties and Signatories to this Convention that are also Members of the HCCH (i.e., the Organisation) are in **bold**; Contracting Parties and Signatories that are not Members of the HCCH are in *italics*.

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Albania** | | 1-XI-2006 | A | 1-VII-2007 | | 3 | |
| **Andorra** | | 26-IV-2017 | A | 1-XII-2017 | | 3 | D |
| *Antigua and Barbuda* | | 1-V-1985 | Su | 1-XI-1981 | | 1 | |
| **Argentina** | | 2-II-2001 | A | 1-XII-2001 | | 2 | D,Res |
| **Armenia** | | 27-VI-2012 | A | 1-II-2013 | | 1 | |
| **Australia** | | 15-III-2010 | A | 1-XI-2010 | 7 | 5 | D |
| **Austria** | 22-XI-2019 | 14-VII-2020 | R | 12-IX-2020 | | 3 | D,Res |
| **Azerbaijan** | | 17-II-2023 | A | 1-IX-2023 | | 1 | D |
| *Bahamas* | | 17-VI-1997 | A | 1-II-1998 | | 1 | |
| *Barbados* | | 10-II-1969 | A | 1-X-1969 | | 1 | |
| **Belarus** | | 6-VI-1997 | A | 1-II-1998 | | 1 | |
| **Belgium** | 21-I-1966 | 19-XI-1970 | R | 18-I-1971 | | 2 | D |
| *Belize* | | 8-IX-2009 | A | 1-V-2010 | | 1 | |
| **Bosnia and Herzegovina** | | 16-VI-2008 | A | 1-II-2009 | | 1 | |
| *Botswana* | | 10-II-1969 | A | 1-IX-1969 | | 3 | D |
| **Brazil** | | 29-XI-2018 | A | 1-VI-2019 | | 1 | D,Res |
| **Bulgaria** | | 23-XI-1999 | A | 1-VIII-2000 | | 3 | D |
| **Canada** | | 26-IX-1988 | A | 1-V-1989 | | 4 | D |
| **China** | | 6-V-1991 | A | 1-I-1992 | | 8 | D,N |
| *Colombia* | | 10-IV-2013 | A | 1-XI-2013 | | 1 | D |

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Costa Rica** | | 16-III-2016 | A | 1-X-2016 | | 1 | |
| **Croatia** | | 28-II-2006 | A | 1-XI-2006 | | 3 | D,Res |
| **Cyprus** | | 26-X-1982 | A | 1-VI-1983 | | 4 | D |
| **Czech Republic** | | 28-I-1993 | Su | 1-I-1993 | | 4 | D,Res |
| **Denmark** | 7-I-1969 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D |
| **Dominican Republic** | | 21-III-2024 | A | 1-X-2024 | | 1 | |
| **Egypt** | 1-III-1966 | 12-XII-1968 | R | 10-II-1969 | | 1 | Res |
| **El Salvador** | | 21-III-2024 | A | 1-X-2024 | | 1 | D |
| **Estonia** | | 2-II-1996 | A | 1-X-1996 | | 1 | D |
| **Finland** | 15-XI-1965 | 11-IX-1969 | R | 10-XI-1969 | | 2 | D |
| **France** | 12-I-1967 | 3-VII-1972 | R | 1-IX-1972 | 1 | 3 | D |
| **Georgia** | | 31-V-2021 | A | 1-I-2022 | | 1 | D,Res |
| **Germany** | 15-XI-1965 | 27-IV-1979 | R | 26-VI-1979 | | 3 | D |
| **Greece** | 20-VII-1983 | 20-VII-1983 | R | 18-IX-1983 | | 1 | D |
| **Hungary** | | 13-VII-2004 | A | 1-IV-2005 | | 3 | D |
| **Iceland** | | 10-XI-2008 | A | 1-VII-2009 | | 1 | D,Res |
| **India** | | 23-XI-2006 | A | 1-VIII-2007 | | 1 | D,Res |
| **Ireland** | 20-X-1989 | 5-IV-1994 | R | 4-VI-1994 | | 3 | D,Res |
| **Israel** | 25-XI-1965 | 14-VIII-1972 | R | 13-X-1972 | | 2 | D,Res |
| **Italy** | 25-I-1979 | 25-XI-1981 | R | 24-I-1982 | | 3 | D |
| **Japan** | 12-III-1970 | 28-V-1970 | R | 27-VII-1970 | | 3 | D |
| **Kazakhstan** | | 15-X-2015 | A | 1-VI-2016 | | 1 | D |
| *Kuwait* | | 8-V-2002 | A | 1-XII-2002 | | 3 | D,Res |
| **Latvia** | | 28-III-1995 | A | 1-XI-1995 | | 4 | D |
| **Lithuania** | | 2-VIII-2000 | A | 1-VI-2001 | | 3 | D,Res |
| **Luxembourg** | 27-X-1971 | 9-VII-1975 | R | 7-IX-1975 | | 1 | D,Res |
| *Malawi* | | 24-IV-1972 | A | 1-XII-1972 | | 1 | |
| **Malta** | | 24-II-2011 | A | 1-X-2011 | | 2 | D |
| *Marshall Islands* | | 29-VII-2020 | A | 1-II-2021 | | 3 | D |
| **Mexico** | | 2-XI-1999 | A | 1-VI-2000 | | 2 | D |
| **Monaco** | | 1-III-2007 | A | 1-XI-2007 | | 2 | D |
| **Montenegro** | | 16-I-2012 | A | 1-IX-2012 | | 2 | D |
| **Morocco** | | 24-III-2011 | A | 1-XI-2011 | | 1 | |
| **Netherlands** | 15-XI-1965 | 3-XI-1975 | R | 2-I-1976 | 1 | 5 | D |

| Contracting Party | S [1] | R/A/S [2] | Type [3] | EIF [4] | EXT [5] | Auth [6] | Res/D/N/DC [7] |
|---|---|---|---|---|---|---|---|
| **Nicaragua** | | 24-VII-2019 | A | 1-II-2020 | | 1 | D |
| **North Macedonia** | | 23-XII-2008 | A | 1-IX-2009 | | 1 | D,Res |
| **Norway** | 15-X-1968 | 2-VIII-1969 | R | 1-X-1969 | | 3 | D,Res |
| *Pakistan* | | 7-XII-1988 | A | 1-VIII-1989 | | 3 | D |
| **Paraguay** | | 23-VI-2023 | A | 1-I-2024 | | 1 | D |
| **Philippines** | | 4-III-2020 | A | 1-X-2020 | | 2 | D |
| **Poland** | | 13-II-1996 | A | 1-IX-1996 | | 4 | D,Res |
| **Portugal** | 5-VII-1971 | 27-XII-1973 | R | 25-II-1974 | | 2 | D |
| **Republic of Korea** | | 13-I-2000 | A | 1-VIII-2000 | | 2 | D,Res |
| **Republic of Moldova** | | 4-VII-2012 | A | 1-II-2013 | | 2 | D,Res |
| **Romania** | | 21-VIII-2003 | A | 1-IV-2004 | | 2 | D |
| **Russian Federation** | | 1-V-2001 | A | 1-XII-2001 | | 4 | D,Res |
| *Saint Vincent and the Grenadines* | | 6-I-2005 | Su | 27-X-1979 | | 3 | D |
| *San Marino* | | 15-IV-2002 | A | 1-XI-2002 | | 3 | D |
| **Serbia** | | 2-VII-2010 | A | 1-II-2011 | | 2 | D |
| *Seychelles* | | 18-XI-1980 | A | 1-VII-1981 | | 1 | D |
| **Singapore** | | 16-V-2023 | A | 1-XII-2023 | | 2 | D |
| **Slovakia** | | 15-III-1993 | Su | 1-I-1993 | | 4 | D |
| **Slovenia** | | 18-IX-2000 | A | 1-VI-2001 | | 1 | D,Res |
| **Spain** | 21-X-1976 | 4-VI-1987 | R | 3-VIII-1987 | | 3 | D |
| **Sri Lanka** | | 31-VIII-2000 | A | 1-VI-2001 | | 3 | D |
| **Sweden** | 4-II-1969 | 2-VIII-1969 | R | 1-X-1969 | | 2 | D |
| **Switzerland** | 21-V-1985 | 2-XI-1994 | R | 1-I-1995 | | 3 | D,Res |
| **Tunisia** | | 10-VII-2017 | A | 1-II-2018 | | 1 | D |
| **Türkiye** | 11-VI-1968 | 28-II-1972 | R | 28-IV-1972 | | 3 | D,Res |
| **Ukraine** | | 1-II-2001 | A | 1-XII-2001 | | 3 | D,Res |
| **United Kingdom of Great Britain and Northern Ireland** | 10-XII-1965 | 17-XI-1967 | R | 10-II-1969 | 14 | 4 | D |
| **United States of America** | 15-XI-1965 | 24-VIII-1967 | R | 10-II-1969 | 1 | 1 | D |
| **Venezuela (Bolivarian Republic of)** | | 29-X-1993 | A | 1-VII-1994 | | 1 | D,Res |
| **Viet Nam** | | 16-III-2016 | A | 1-X-2016 | | 3 | D,N |

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;

    A: Accession;

    A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;

    A$^{EU}$: Accession by the European Union

    A$^{EU}$*: State bound as a result of the accession by the European Union

    A**: Objection

    C: Continuation;

    Su: Succession;

    Den: Denunciation;

4) EIF = Entry into force

5) EXT = Extensions of application

6) Authorities per Convention = Designation of Authorities

7) Res/D/N/DC = Reservations, declarations, notifications or depositary communications

## DECLARATION/RESERVATION/NOTIFICATION

Declarations
Notifications

Articles: 5,8,10,15,16

(Click here for the Authorities designated for the People's Republic of China and the Special Administrative Regions of Hong Kong and Macao, and other practical information)

**Text of the declarations:**

**People's Republic of China**

(Courtesy translation)
"(...) 2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the first paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.
3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.
4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.
5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment."

_____

**Special Administrative Region of Hong Kong (entry into force: 19 July 1970)**

The Convention had been extended to Hong Kong by the United Kingdom by Note dated 20 May 1970 (entry into force for Hong Kong: 19 July 1970), with the following declarations: "*(a)* In accordance with Article 18 of the Convention the Colonial Secretary of Hong Kong**\*** is designated as the Authority competent to receive requests for service in accordance with Article 2 of the Convention.
**\*** "The Colonial Secretary of Hong Kong" has been re-designated as "the Chief Secretary of Hong Kong" (May 1984).

*(b)* The authority competent under Article 6 of the Convention to complete the Certificate of Service is the Registrar of the Supreme Court of Hong Kong.

*(c)* In accordance with the provisions of Article 9 of the Convention the Registrar of the Supreme Court of Hong Kong is designated as the receiver of process sent through consular channels.

*(d)* With reference to the provisions of paragraphs *(b)* and *(c)* of Article 10 of the Convention, documents sent for service through official channels will be accepted in Hong Kong only by the central or additional authority and only from judicial, consular or diplomatic officers of other Contracting States.

*(e)* The acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall equally apply to Hong Kong.

The authorities designated above will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997 the Minister for Foreign Affairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom of Great Britain and Northern Ireland reads as follows:

"Your Excellency,
I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs to refer to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which applies to Hong Kong at present.
I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with effect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong.
I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)
(signed Rosemary Spencer)

The Note from the Ambassador of the People's Republic of China reads as follows:

(Translation)
"Your Excellency,
In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.
In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:
The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997.
(...)
The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)
(signed Zhu Manli, Ambassador Extraordinary and Plenipotentiary of the People's Republic of China to the Kingdom of the Netherlands)".

Declarations (articles 8 and 10):

1. In accordance with paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in paragraph 1 of this article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.
2. (...)
3. (...)
4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.

_____
**Special Administrative Region of Macao (entry into force: 12 April 1999)**

By a Note dated 9 February 1999, Portugal had extended the Convention to *Macao*.

On 7 October 1999, Portugal communicated the following to the depositary:
"1. In accordance with Article 18 of the Convention, the Ministério Público de Macao is designated as the competent authority in Macao to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

The address of the Ministério Público de Macao is as follows:

Ministério Público de Macao
Praceta 25 de Abril
Macao
Phone: 326736
Fax: 326747

2. Court clerks (escrivães de direito) and deputy court clerks (escrivães adjuntos) from the Supreme Court of Justice (Tribunal Superior de Justiça) of Macao are entitled to complete in Macao the certificate provided for [in] Articles 6 and 9 of the Convention.

3. In accordance with the provisions of the second paragraph of Article 8 of the Convention, Portugal reiterates that it recognizes to the diplomatic or consular agents the right to forward documents, for the purpose of service, exclusively to the nationals of the State in which the documents originate.

4. The Ministério Público de Macao is also designated as the competent authority in Macao to receive documents forwarded through consular channels, in accordance with Article 9 of the Convention.

5. Portugal declares that the judges of the courts of Macao, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment on whether the conditions referred to in the second paragraph of the same article are fulfilled.

6. In accordance with the third paragraph of Article 16 of the Convention, Portugal declares that the applications referred to in the second paragraph of Article 16 will not be entertained if they are filed after the expiration of one year following the date of the judgment."

The Ambassador of Portugal at The Hague informed the Minister for Foreign Affairs of the Kingdom of the Netherlands by letter of 26 November 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which currently applies to Macao, I have the honour to inform Your Excellency of the following:
In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macao, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macao until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macao, with effect from 20 December 1999.
From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macao. (...)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Affairs by letter of 10 December 1999 of the following:

(Translation)
" In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macao signed on 13 April 1987, the Government of the People's Republic of China will resume the exercise of sovereignty over Macao with effect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.
In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to inform Your Excellency of the following:
The Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 3 May 1991, shall apply to the Macao Special Administrative Region with effect from 20 December 1999.
(...)
The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macao Special Administrative Region. (...)".

Declarations (Articles 5, 8, 15 and 16)

1. (...)
2. In accordance with the second paragraph of Article 8 of the Convention, it declares that the means of service stipulated in the first paragraph of that article may be used within the Macao Special Administrative Region only when the document is to be served upon a

national of the State in which the document originates.

3. In accordance with the second paragraph of Article 15 of the Convention, it declares that if all the conditions provided in that paragraph are fulfilled, the judge of the Macao Special Administrative Region, notwithstanding the provisions of the first paragraph of that article, may give judgment even if no certificate of service or delivery has been received.

4. In accordance with the third paragraph of Article 16 of the Convention, it declares that in the Macao Special Administrative Region, the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment.

Furthermore, the Government of the People's Republic of China made the following supplementary declaration:

"In accordance with paragraph 3 of Article 5 of the Convention, it declares that documents to be served in the Macao Special Administrative Region under the first paragraph of Article 5 shall be written in either Chinese or Portuguese, or be accompanied by a translation in either Chinese or Portuguese".