UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61611-CIV-DAMIAN

CHANEL, INC.,

    Plaintiff,

v.

21442995, AN INDIVIDUAL,
BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR ALTERNATIVE SERVICE OF PROCESS [ECF NO. 6]

**THIS CAUSE** is before the Court on Plaintiff, Chanel, Inc.'s ("Plaintiff"), Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3), filed September 4, 2024 [ECF No. 6 (the "Motion")].

The Court has considered the Motion, the pertinent portions of the record, and the applicable law and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted.

In the Motion, Plaintiff seeks an order authorizing alternative service of process on Defendant, the Individual, Business Entity, or Unincorporated Association doing business as the Store ID identified in Schedule "A" (Mot. at 15), which, upon information and belief, is residing and/or operating outside of the United States. Plaintiff alleges that Defendant has established an Internet-based business and utilizes electronic means as reliable forms of contact, in the form of electronic messaging via DHgate.com's messaging system. Therefore, Plaintiff seeks to serve Defendant by both e-mail and by website posting.

Rule 4(h)(2) for the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.,* Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

Here, the Court finds that alternative service of process under Rule 4(f)(3) is warranted. First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* Case No. 15-cv-20590-FAM, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to

those means. *See Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, Defendant uses at least one known and valid form of electronic contact to conduct its Internet-based business, and Plaintiff has indicated that Defendant can receive service through the e-mail address associated with its electronic storefront. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendant] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on the Defendant through e-mail and website posting.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant [**ECF No. 6**] is **GRANTED**.

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summons, Complaint, and all filings in this matter upon Defendant in this action:

    a. via e-mail by providing the address for Plaintiff's designated serving notice website to Defendant via Defendant's known electronic messaging accounts via DHgate's messaging system contact means identified on Schedule "A" for Defendant, or the data related to its e-commerce store, including customer service e-mail address and/or onsite contact form, or the e-commerce marketplace e-mail for the e-commerce store. *See* Schedule "A"; and

4

    b. via website publication by posting a copy of the Complaint, Summons, and all other relevant filings and discovery in this matter on Plaintiff's Website appearing at the URL, http://servingnotice.com/cI5hM/index.html.

  **DONE AND ORDERED** in Chambers at the Southern District of Florida, this ___ day of _____ 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record